

FILED

12/4/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM P. BARR, in his official capacity as U.S. Attorney General, and JOHN SMITH, individually and in his official capacity at the Federal Bureau of Investigation, <br><br> Defendants. | Civil Action No. <br><br> Chief Judge Beryl A. Howell <br><br><br> Case: 1:20−cv−03553   JURY DEMAND <br> Assigned To : McFadden, Trevor N. <br> Assign. Date : 12/4/2020 <br> Description: Employ/ Discrim. (H−DECK) |

<u>**MEMORANDUM AND ORDER**</u>

The plaintiff in this action, a former Federal Bureau of Investigations ("FBI") employee, has moved to proceed under a pseudonym, Pl.'s Mot. to Proceed Anonymously ("Pl.'s Mot."), in her instant action alleging sex discrimination and retaliation by the FBI in violation of her rights under Title VII of the Civil Rights Act of 1964, Compl. ¶¶ 71–77, and bringing various discrimination claims and tort claims against the individual defendant, *id.* ¶¶ 79–127.  Plaintiff also requests to use a pseudonym for the individual defendant in this action to ensure that her identity remains secret.  Pl.'s Mem. Supp. Mot. to Proceed Anonymously ("Pl.'s Mem") at 1–2.  For the reasons set forth below, the Court will grant plaintiff's motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I.      BACKGROUND

---

[1]      Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint."  LCvR 40.7(f).

Plaintiff was an employee of the FBI between October 2011 and September 2018. Compl. ¶¶ 15, 60.  Plaintiff asserts that she was repeatedly harassed, threatened, and sexually assaulted by the then-ranking agent in charge of her field office, who is pseudonymously referred to as defendant "John Smith," between 2013 and 2015.  *Id.* ¶¶ 11, 56.  More specifically, plaintiff alleges (1) that in February 2013, defendant Smith used his position to gain access to defendant's phone "so he could stalk and spy on her and acquire information or photos of Plaintiff that he could use as blackmail," *id.* ¶ 29; (2) that between May and July 2013, defendant Smith sexually assaulted plaintiff three times, ¶¶ 36, 37, 40, (3) that in October 2013, defendant Smith used threats to "expos[e] compromising photos" of plaintiff and disseminate sensitive information to members of her community in order to coerce plaintiff to meet with him, and again sexually assaulted her, *id.* ¶ 45; and that in December 2014, defendant Smith again used such threats to "sexually assault Plaintiff by coercion," *id.* ¶ 50.  Plaintiff further alleges that defendant Smith continued to stalk and harass her through 2020, *id.* ¶¶ 51–57, 69, and "threatened to kill Plaintiff and himself if she talked about what happened," *id.* ¶ 61.

Plaintiff further alleges that defendant Smith referred her to the FBI Office Inspector General ("OIG") in July 2013 as part of his pattern of harassment.  *Id.* at ¶ 58.  Defendant was terminated from the FBI on September 18, 2018, based on OIG's finding that plaintiff "lacked candor under oath regarding the relationship with Defendant Smith," *id.* ¶¶ 60–61, a finding that plaintiff contests.  On January 21, 2020, the Disciplinary Review Board upheld plaintiff's termination, which plaintiff claims was discriminatory and improperly influenced by defendant Smith.  *Id.* ¶ 63

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy and identifying the consequences that would likely befall it if forced to proceed in its own name."  *Id*.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against

3

countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96).

When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d

233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis."

*In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in
> a matter of [a] sensitive and highly personal nature; (2) whether identification poses
> a risk of retaliatory physical or mental harm to the requesting party or[,] even more
> critically, to innocent non-parties; (3) the ages of the persons whose privacy
> interests are sought to be protected; (4) whether the action is against a governmental
> or private party; and relatedly, (5) the risk of unfairness to the opposing party from
> allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the

five boxes." *Id.*  Rather, the "balancing test is necessarily flexible and fact driven" and the

five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d 326.  In exercising discretion

"to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the

circumstances of particular cases to determine whether the dispensation is warranted' . . .

tak[ing] into account the risk of unfairness to the opposing party, as well the customary and

constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft

Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation

marks omitted)).

## III.    DISCUSSION

At this early stage of the litigation, the Court is persuaded that plaintiff has met her

burden of showing that her privacy interests outweigh the public's presumptive and

substantial interest in knowing the details of judicial litigation such that she should be allowed to proceed under pseudonym.

First, plaintiff seeks to proceed pseudonymously in order to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97; *see also* Pl.'s Mem. at 12. Her complaint describes the sexual assaults, Compl. ¶¶ 36, 37, 40, 45, 50, and deeply personal patterns of abuse, intimidation, and manipulation, *id.* ¶¶ 43–45, 61. The sexual assault allegations and surrounding events are clearly of a "sensitive and highly personal nature." This factor weighs heavily in favor of plaintiff. *Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 64 (D.D.C. 2019) ("[C]ourts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault on the basis that they concern highly sensitive and personal subjects."); *see also Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014) (identifying the "strong public interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes" (quoting *Doe v. De Amigos, LLC*, Civ. Action No. 11-1755 (ABJ), 2012 WL 13047579, *2 (D.D.C. Apr. 30, 2012) (internal quotation marks and alteration omitted))).

Second, plaintiff argues that "identification poses a risk of retaliatory mental or physical harm." Pl.'s Mem. at 12 (quoting *In re Sealed Case*, 931 F.3d at 97). Plaintiff fears that her status as a victim of sexual assault could subject her to ostracism or even physical harm in "her conservative Muslim community." Pl.'s Mem. at 1. Indeed, plaintiff alleges that defendant Smith maintained control over her in part by threatening to disclose the matters at issue in this case, knowing that it would gravely harm her standing in her community. *Id.*

at 11.  The Court agrees that plaintiff faces a significant risk of reputational harm, at least, that

weighs in favor of allowing her to proceed anonymously.

Neither the third nor the fourth factors are particularly relevant in this case.  The age

of the person whose privacy interests are at stake is not relevant because the privacy interests

of minors are not implicated.  The fact that this suit is against the government weighs in favor

of denying plaintiff's motion, but only slightly.  "[T]here is a heightened public interest when

an individual or entity files a suit against the government," as plaintiff has here.  *In re Sealed*

*Case*, 971 F.3d at 329.  The public interest in proceedings against the government is not

particularly great in this case, however, because plaintiff does not "seek[] to alter the

operation of public law both as applied to [her] and, by virtue of the legal arguments

presented, to other parties going forward."  *Id.*  Instead, she seeks to vindicate only her own

rights, and anonymity appears to be necessary to provide her the opportunity to vindicate

those rights.  *See Cabrera*, 307 F.R.D. at 6.

Fifth, as to the nonmoving defendants' interests, plaintiff's identity is already known

to the defendants. Pl.'s Mem. at 13.  Thus, allowing plaintiff to proceed pseudonymously will

not compromise defendants' ability to defend this action and poses little "risk of unfairness to

the opposing party."  *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99

(D.D.C. 2008).

Weighed against the minimal apparent interest in disclosure, plaintiff's significant

interest in maintaining her anonymity at this early stage in the litigation is more than

sufficient to overcome any general presumption in favor of open proceedings.[2]

---

[2]        Plaintiff also asks to use a pseudonym to refer to defendant Smith because "it is important that people
are unable to deduce who she is through the name of the Defendant, who is well known in the FBI and easily
searchable on engines such as google."  Pl.'s Mem. at 14.  Plaintiff argues that "his identity is so closely
connected to the plaintiff in this context that it could result in harm [to her] and her family were it to be known."

IV.    **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Anonymously is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonym "Jane Doe" for the plaintiff; it is further

**ORDERED** that the case may proceed using the pseudonym "John Smith" for the individual defendant; it is further

**ORDERED** that the plaintiff's motion and supporting exhibits, including the full name and address of the plaintiff, shall remain under seal until further order of the Court; it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of the plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response; and it is further

**ORDERED** that the Clerk's Office shall provide a copy of this Order to plaintiff's counsel to serve on defendants prior to the filing of the plaintiff's redacted complaint on the

---

*Id.* at 1–2. This is not a common request. Nevertheless, given the personal details provided in the complaint, the possibility raised by plaintiff is reasonable, that those who are familiar with plaintiff would be able to identify her if they also knew defendant Smith's name and the location of the FBI office where both worked. At this early point in the proceedings, the use of a pseudonym for the individual defendant may be necessary to allow plaintiff to maintain complete anonymity. The *James* factors support the use of a pseudonym for the individual defendant for the same reason they support use of a pseudonym for plaintiff. As plaintiff points out, this should not impair defendant Smith's ability to mount a defense, *id.* at 15, and defendant Smith may request that the Court use his full name later in these proceedings, *id.* at 15 n.2.

public docket, and plaintiff's counsel shall notify the Clerk's Office when this has been accomplished and they are ready to submit the public filing.

**SO ORDERED.**

Date: December 4, 2020

_____
BERYL A. HOWELL
Chief Judge