UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-3553 (TNM) |

# ORDER

Jane Doe brought this employment discrimination and state-law tort suit against the United States, the Attorney General, and John Smith in his individual capacity. The Defendants moved to dismiss Doe's Second Amended Complaint on various grounds. Having reviewed the pleadings, briefing, and the parties' many exhibits, the Court finds Doe's Complaint to be lacking in factual specificity and her briefing to be woefully inadequate. The Defendants' motions to dismiss are therefore granted without prejudice. The Court orders Doe to submit a Third Amended Complaint and a new dispositive motion briefing schedule will be set.

\* \* \*

The Federal Rules require a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy that standard, a pleading must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must, "accepted as true, [] state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Doe's Second Amended Complaint falls short of that requirement in at least two ways.

*First*, Doe has squandered previous opportunities to amend her complaint by failing to include relevant factual matter. Consider Doe's Title VII disparate-impact claim. To establish a prima facie disparate-impact claim, a plaintiff must allege "a respondent uses a particular employment practice that causes a disparate impact on the basis of [membership in a protected class]." 42 U.S.C. § 2000e-2(k)(1)(A). That usually requires "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988). Doe's complaint only vaguely identified an FBI "employment practice" she alleges causes a disparate impact. *See* Sec. Amend. Compl. 23–24 ("The FBI has a pattern and practice of allowing male FBI agents to retire with full benefits after allegations of sexual assault and harassment."). And it was not until her briefing in opposition to dismissal that Doe produced statistical evidence to support her claim. *See* Doe Opp. to Fed. Defs. 17–21. Indeed, Doe's complaint omits salient facts like her job position and the state in which the alleged misconduct occurred. Although at this stage the Court will not test the credibility or veracity of key factual allegations, *see Iqbal*, 556 U.S. at 678, it will still insist Doe include them in her operative complaint, *Hajjar-Negad v. George Wash. Univ.*, 802 F. Supp. 2d 166, 175 (D.D.C. 2011) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").

*Second*, Doe lacks specificity or clarity in tying factual allegations to her claims. For each of Doe's twelve counts she simply incorporated all (or almost all) of the preceding paragraphs in her complaint, *see, e.g.*, Sec. Amend. Compl. 22, ¶ 73, then made ambiguous reference to the conduct prompting the cause of action, *see, e.g.*, *id.* at 22, ¶ 74 ("The FBI intentionally discriminated against Plaintiff because of her sex, race, national origin, and religion

2

when they failed to investigate her allegations[] and terminated her from the FBI."). As the Government notes, for example, "it is impossible to know which allegations of fact are intended to support" Doe's disparate treatment and reprisal allegations *vis-à-vis* the Federal Defendants. Fed. Defs. Mot. to Dismiss 26. More detail and precision would benefit Doe's claims and the Court's effort to assess them. The Court thus grants the Government's Motion for a More Definite Statement.

For now, the motions to dismiss are granted without prejudice to Doe submitting a new complaint. Next time around Doe should prepare a *combined* opposition to the Defendants' motions to dismiss, keeping in mind the following:

- "[W]here a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded." TNM Standing Order § 11(A). Doe must respond to the Defendants' arguments for dismissal in thorough fashion, if she opposes dismissal. Failure to do so will be treated as a concession of the unbriefed issue. Doe should pay particular attention to:
  - Whether a federal employee covered by Section 717 of Title VII may bring a 42 U.S.C. § 1981 claim. *See generally Brown v. GSA*, 425 U.S. 820, 835 (1976) (holding that Section 717 "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *Richardson v. Wiley*, 569 F.2d 140, 141 (D.C. Cir. 1977) (applying *Brown*'s holding to bar a § 1981 suit where relief was available under Section 717 of Title VII).
  - Whether the doctrines of equitable estoppel and/or equitable tolling (which apply in distinct factual circumstances) are implicated here. Doe's invocation of cases

3

      in which defendants tricked or misled plaintiffs into missing statutory deadlines appears to have little relevance.

- Arguments about the record must cite specific allegations *in the complaint*. Legal arguments must properly cite *legal authority*. Unsupported legal assertions and reference to facts not alleged in the complaint carry little weight in court.

This will be Doe's fourth attempt at drafting a complaint that withstands scrutiny. She should expect any future dismissal to be with prejudice.

For all these reasons, it is

**ORDERED** that the Federal Defendant's [42] Motion to Dismiss and for a More Definite Statement and Defendant Smith's [41] Motion to Dismiss are GRANTED without prejudice to Doe filing a Third Amended Complaint; it is further

**ORDERED** that Doe submit a Third Amended Complaint (with accompanying redline) on or before January 3, 2022. Defendants shall submit any motions to dismiss on or before February 7, 2022. Doe's combined opposition shall be due on or before February 28, 2022. Defendants' replies, if any, shall be due March 11, 2022.

**SO ORDERED**.

Dated: December 1, 2021                          TREVOR N. McFADDEN, U.S.D.J.